# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0558V
UNPUBLISHED

| | |
|---|---|
| KEVIN SCHERER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 23, 2022, Kevin Scherer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that his receipt of an influenza ("flu") vaccination on October 2, 2019, caused him to develop Guillain-Barré Syndrome ("GBS"), a Table injury. Petition at 1, 11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 18, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On June 9, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $676,876.40 consisting of $188,050.00 in pain and suffering, $3,930.55 in past unreimbursable expenses, and $484,895.85 for lost wages. Proffer at 2. In the Proffer, Respondent represented that

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $676,876.40 (consisting of $188,050.00 in pain and suffering, $3,930.55 in past unreimbursable expenses, and $484,895.85 for lost wages), in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KEVIN SCHERER, | )<br>)<br>) |
| Petitioner, | )   No. 22-558V |
| | )   Chief Special Master Corcoran |
| v. | )   ECF |
| | ) |
| SECRETARY OF HEALTH<br>AND HUMAN SERVICES, | )<br>)<br>) |
| Respondent. | )<br>) |

**PROFFER ON AWARD OF COMPENSATION**[1]

**I.      Procedural History**

On May 23, 2022, Kevin Scherer ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  He alleges that, as a result of receiving the influenza vaccine on October 2, 2019, he suffered from Guillain-Barre Syndrome ("GBS").  *See* Petition at 1, ECF No. 1.  On April 18, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe.  ECF No. 20.  On the same day, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner is entitled to compensation for a GBS Table injury.  ECF No. 21.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

II.      **Items of Compensation**

    A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $188,050.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,930.55. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.      Lost Wages

Evidence supplied by petitioner documents that he incurred past and future lost wages as a result of his vaccine-related injury. Respondent proffers that petitioner should be awarded lost wages in the amount of $484,895.85. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

III.     **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$676,876.40** in the form of a check payable to petitioner.[2] Petitioner agrees.

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-4179
Email: jamica.m.littles@usdoj.gov

Dated: June 9, 2023

3